# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### No. 24-12786
_____

## JAMES OUTDOOR LLC,

### Plaintiff/Appellant,

### v.

## CITY OF NORTHPORT, ALABAMA,

### Defendant/Appellee
-------------------------------------------------------------------------------------

## BRIEF OF APPELLEE CITY OF NORTHPORT, ALABAMA
_____

**David J. Canupp**
**Allison B. Chandler**
**LANIER FORD SHAVER & PAYNE, P.C.**
**P. O. Box 2087**
**Huntsville, AL   35804**
**Telephone: (256) 535-1100**
djc@lanierford.com
abc@lanierford.com

**Counsel for Appellee**
**City of Northport, Alabama**

## CERTIFICATE OF INTERESTED PERSONS
## <u>AND CORPORATE DISCLOSURE STATEMENT</u>

Appellee City of Northport, Alabama, certifies that the following list of persons and entities is a complete list of the trial judge, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case:

**Alabama Municipal Insurance Corporation,** Insurer of Defendant/Appellee.

**Axon, Annemarie Carney,** United States District Judge, Northern District of Alabama.

**Canupp, David J.**, Counsel for Defendant/Appellee.

**Chandler, Allison B.,** Counsel for Defendant/Appellee.

**James Outdoor LLC,** Plaintiff/Appellant.

**Lanier Ford Shaver & Payne, P.C.,** Law firm representing Defendant/Appellee.

**Lemond, G. Franklin, Jr.,** Counsel for Plaintiff/Appellant.

**McMurtrie Kennemer, LLC,** Law firm representing Plaintiff/Appellant.

**Northport, City of,** Defendant/Appellee.

**Kennemer, Dustin W.,** Counsel for Plaintiff/Appellant.

**Webb, E Adam,** Counsel for Plaintiff/Appellant.

**Webb, Klase & Lemond, LLC,** Law firm representing Plaintiff/Appellee.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee believes that the issues presented in this appeal and the law applicable to those issues have been adequately set forth in the brief of the appellant. The appellee does not request oral argument in this case.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ..................................................................C1

STATEMENT REGARDING ORAL ARGUMENT ................................................i

TABLE OF CONTENTS ........................................................................................ ii

TABLE OF CITATIONS ......................................................................................iv

STATEMENT OF THE ISSUES ............................................................................1

STATEMENT OF THE CASE ...............................................................................2

    *i.   Course of Proceedings and Dispositions in the Court Below*....................2

    *ii.   Statement of the Facts* ......................................................................3

        a.   Allegations of the Complaint ..........................................................3

        b.   The District Courts Opinion............................................................8

    *iii.   Standard of Review* ........................................................................10

SUMMARY OF THE ARGUMENT .....................................................................12

ARGUMENT ........................................................................................................15

    I.    THE DISTRICT COURT CORRECTLY HELD THAT JAMES OUTDOOR'S FACIAL CONSTITUTIONAL CHALLENGES WERE MOOT ...............................................................................15

    II.    THE DISTRICT CORRECTLY FOUND THAT JAMES OUTDOOR LACKED STANDING FOR MOST OF ITS AS-APPLIED CHALLENGES ...............................................................22

        A.    James Outdoor Lacks Standing for Certain As-Applied Challenges Since Those Provisions Were Not Applied to Its Activities and Are Not Redressable....................................23

    B.    James Outdoor Cannot Point to the Overbreadth Doctrine to Bypass the Standing Requirement .................................................33

III.  THE DISTRICT COURT'S DECISION TO DISMISS JAMES OUTDOOR'S AS-APPLIED CHALLENGE TO THE EXEMPT SIGNS PROVISION IN COUNT ONE AND ITS EQUAL PROTECTION CLAIMS IN COUNT THREE ON STANDING GROUNDS MAY ALSO BE AFFIRMED ON THE MERITS .........35

IV.  THE DISTRICT COURT'S DETERMINATION THAT JAMES OUTDOOR FAILED TO ADEQUATELY ALLEGE THOSE LIMITED CLAIMS FOR WHICH IT HAD STANDING WAS CORRECT ...........................................................43

    A. The District Court Properly Determined that James Outdoor Cannot Sustain Any Constitutional Challenges Based on the Variance Process ...............................................................................43

    B. The District Court Correctly Found That James Outdoor Failed to State a Plausible Due Process Claim.................................48

CONCLUSION..........................................................................................53

CERTIFICATE OF COMPLIANCE.......................................................54

CERTIFICATE OF SERVICE ................................................................55

# TABLE OF CITATIONS

**Cases:**

Aaron Priv. Clinic Mgmt. LLC v. Berry, 912 F.3d 1330 (11th Cir. 2019) ......31, 43

Adams Outdoor Advert. Ltd. P'ship v. City of Madison, No. 17-CV-576-JDP,

2020 WL 1689705 (W.D. Wis. Apr. 7, 2020) .........................................................38

Advantage Advert., L.L.C. v. City of Pelham, 2004 WL 3362497 (N.D. Ala. Sept.

10, 2004) ...................................................................................................................29

Ala. Disabilities Advocacy Program v. J.S. Tarwater Developmental Center, 97

F.3d 492 (11th Cir. 1996) ........................................................................................11

ATM Exp., Inc. v. City of Montgomery,

376 F. Supp. 2d 1310 (M.D. Ala. 2005) ..................................................................26

Beaird v. City of Hokes Bluff, 595 So. 2d 903 (Ala. Civ. App. 1992) .............51, 52

Bill Salter Advertising, Inc. v. City of Brewton, 486 F. Supp. 2d 1314 (S.D. Ala.

2007) .........................................................................................................................28

Bloomberg v. Blocker, 586 F. Supp. 3d 1251 (M.D. Fla. 2022) ............................40

Bd. of Zoning Adjustment of Mobile v. Dauphin Upham Joint Venture,

688 So. 2d 823 (Ala. Civ. App. 1996) .....................................................................46

Bogart v. Vermilion Cty., 909 F.3d 210 (7th Cir. 2018) ........................................38

Bryant v. Jones, 575 F.3d 1281 (11th Cir. 2009) ....................................................20

CAMP Legal Def. Fund, Inc. v. City of Atlanta,

451 F.3d 1257 (11th Cir. 2006) ...........................................................25, 34

Campbell v. Rainbow City, Ala., 434 F.3d 1306 (11th Cir. 2006) .........................41

Chapman v. City of Troy, 4 So. 2d 1 (1941) ............................................45

City of Birmingham v. Scogin, 115 So. 2d 505 (Ala. 1959) ...................................37

City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C., 541 U.S. 774 (2004).................50

City of Selma v. Dallas Cty., 964 So. 2d 12 (Ala. 2007) .........................................37

Club Madonna, Inc. v. City of Miami Beach, 924 F.3d 1370 (11th Cir. 2019) ......30

Cotton v. Jackson, 216 F.3d 1328 (11th Cir. 2000).................................................51

DA Mortgage, Inc. v. City of Miami Beach,

486 F.3d 1254 (11th Cir. 2007) ................................................................ 9, 15, 17-19

Debernardis v. IQ Formulations, LLC, 942 F.3d 1076 (11th Cir. 2019) ................11

Del Castillo v. Sec'y, Fla. Dep't of Health, 26 F.4th 1214 (11th Cir. 2022) ..........19

Del Valle v. Sec'y of State, 16 F.4th 832 (11th Cir. 2021)......................................11

Don's Porta Signs, Inc. v. City of Clearwater, 829 F.2d 1051 (11th Cir. 1987).....38

Draper v. Reynolds, 369 F.3d 1270 (11th Cir. 2014) ..............................................41

Ex parte Chapman, 485 So. 2d 1161 (Ala. 1986)....................................................46

Ex parte City of Huntsville, 684 So. 2d 123 (Ala. 1996) ........................................45

Fields v. Speaker of Pennsylvania House of Representatives,

936 F.3d 142 (3d Cir. 2019).....................................................................................40

Fla. Beach Advert., LLC v. City of Treasure Island, Fla.,

511 F. Supp. 3d 1255 (M.D. Fla. 2021)............................................................ 25-26

Foxy Lady, Inc. v. City of Atlanta, 347 F.3d 1232 (11th Cir. 2003).......................50

Freedom from Religion Found. Inc v. New Kensington Arnold Sch. Dist.,

832 F.3d 469 (3d Cir. 2016)........................................................................18

GEFT Outdoor, LLC v. Monroe Cnty., 62 F.4th 321 (7th Cir. 2023).....................48

Glynn Env't Coal., Inc. v. Sea Island Acquisition, LLC,

26 F.4th 1235 (11th Cir. 2022) ...................................................................31

Granite State Outdoor Advert., Inc. v. City of Clearwater, Fla.,

351 F.3d 1112 (11th Cir. 2003) ..........................................................17-18-, 23

Granite State Outdoor Advert., Inc. v. City of St. Pete Beach,

322 F. Supp. 2d 1335 (M.D. Fla. 2004)..........................................................17

Grayden v. Rhodes, 345 F.3d 1225 (11th Cir. 2003) ...........................................49

Greater Washington Park Neighborhood Ass'n v. Bd. of Adjustment of City of

Montgomery, 24 So. 3d 443 (Ala. Civ. App. 2009) .............................................45

Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570 (11th Cir. 1989)...................33

Gundy v. City of Jacksonville, 50 F.4th 60 (11th Cir. 2022) .................................40

Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316 (11th Cir. 2012).........32

Harp Advertising Illinois, Inc., v. Village of Chicago Ridge, Ill.,

9 F.3d 1290 (7th Cir. 1993) ........................................................................29

Harris v. Mexican Specialty Foods, Inc., 564 F.3d 1301 (11th Cir. 2009) .............23

Jackson v. Bank of Am., N.A., 898 F.3d 1348 (11th Cir. 2018).............................42

Jackson v. West, 787 F.3d 1345 (11th Cir. 2015) ....................................................33

Kanapuram v. Dir., US Citizenship & Immigr. Servs.,

131 F.4th 1302 (11th Cir. 2025) ..............................................................................11

Kernel Records Oy v. Mosley, 694 F.3d 1294, 1309 (11th Cir. 2012) .............11, 36

KH Outdoor, L.L.C. v. City of Vestavia Hills, Ala.,

No. CV 04-B-2303-S, 2008 WL 11422600 (N.D. Ala. Sept. 30, 2008) .................28

Lane v. Zoning Bd. of Adjustment of City of Talladega,

669 So. 2d 958 (Ala. Civ. App. 1995) .....................................................................37

Leake v. Drinkard, 14 F.4th 1242 (11th Cir. 2021)............................................ 37-38

LeFrere v. Baldwin Cty. Comm'n,

2008 WL 5071892 (S.D. Ala. Nov. 25, 2008)..........................................................47

LeFrere v. Quezada, 588 F.3d 1317 (11th Cir. 2009)..............................................47

Leib v. Hillsborough Cnty. Pub. Transp. Com'n,

558 F.3d 1301 (11th Cir. 2009) ...............................................................................42

Lindbloom v. Manatee Cnty., 808 F. App'x 745 (11th Cir. 2020).........................44

Lujan v. Defs. of Wildlife, 504 U.S. 555 (1992) .........................................23, 31, 34

Mackenzie v. City of Rockledge, 920 F.2d 1554 (11th Cir. 1991) .........................47

Manning v. Harper, 460 F. App'x 872 (11th Cir. 2012) .........................................19

Maverick Media Grp., Inc. v. Hillsborough Cty., Fla.,

528 F.3d 817 (11th Cir. 2008) ...........................................................28, 34

McCullen v. Coakley, 573 U.S. 464 (2014) ..........................................23

McGuire v. Marshall, 50 F.4th 986 (11th Cir. 2022) .............................17

McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994) ........................... 49-50

Mech v. Sch. Bd. of Palm Beach Cnty., 806 F.3d 1070 (11th Cir. 2015)......... 37-38

Memphis Cmty. School Dist. v. Stachura, 477 U.S. 299 (1986)............................19

Mgmt. Properties, LLC v. Town of Redington Shores, Fla.,

No. 8:20-CV-2984-VMC-AEP, 2021 WL 1530889 (M.D. Fla. Apr. 19, 2021).....19

Mickens v. Tenth Judicial Circuit, 181 F. App'x 865 (11th Cir. 2006) .................41

Muransky v. Godiva Chocolatier, Inc., 979 F.3d 917 (11th Cir. 2020) ............11, 31

Myrick v. Fulton Cnty., Georgia, 69 F.4th 1277 (11th Cir. 2023) .........................42

Nat'l Advert. Co. v. City of Miami, 402 F.3d 1329 (11th Cir. 2005) ...........9, 16, 19

Naturist Soc., Inc. v. Fillyaw, 958 F.2d 1515 (11th Cir. 1992)...............................18

O'Neal Homes, Inc. v. City of Orange Beach,

333 F. App'x 428 (11th Cir. 2009) ...........................................................50

Personnel Adm'r v. Feeney, 442 U.S. 256 (1979) ...................................41

Polelle v. Fla. Sec'y of State, 131 F.4th 1201 (11th Cir. 2025) ..............................11

Priest v. Griffin, 222 So. 2d 353 (Ala. 1969)..........................................46

Riverbend P'ship v. City of Mobile, 457 So. 2d 371 (Ala. 1984)...........................47

Roma Outdoor Creations, Inc. v. City of Cumming, Ga.,

599 F. Supp. 2d 1332 (N.D. Ga. 2009).....................................................26

Rosenberger v. Rector & Visitors of Univ. of Virginia, 515 U.S. 819 (1995)........40

Seling v. Young, 531 U.S. 250 (2001).......................................................17

Sierra v. City of Hallandale Beach, 996 F.3d 1110 (11th Cir. 2021)......................23

Sierra Club v. Morton, 405 U.S. 727 (1972) ............................................34

Signs for Jesus v. Town of Pembroke, 977 F.3d 93 (1st Cir. 2020).................37, 39

Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989)..................................... 47-48

Spokeo, Inc. v. Robins, 578 U.S. 330 (2016) ...........................................31

Strober v. Payless Rental Car, 701 F. App'x 911 (11th Cir. 2017).........................32

Swann v. Bd. of Zoning Adjustment of Jefferson Cty., Ala.,

459 So. 2d 896 (Ala. Civ. App. 1984) .....................................................45

Tanner Advert. Grp., L.L.C. v. Fayette Cnty.,

451 F.3d 777 (11th Cir. 2006) ........................................................ 16-17

Tokyo Gwinnett, LLC v. Gwinnett Cnty., Georgia,

940 F.3d 1254 (11th Cir. 2019) ............................................................31

Troiano v. Supervisor of Elections in Palm Beach Cty.,

382 F.3d 1276 (11th Cir. 2004) ............................................................20

United States v. Campbell, 26 F.4th 860 (11th Cir. 2022)......................................20

United States v. Frandsen, 212 F.3d 1231 (11th Cir. 2000) ....................................16

United States v. Funez, 755 F. App'x 871 (11th Cir. 2018)....................................33

United States v. Logal, 106 F.3d 1547 (11th Cir. 1997) ...........................................11

Velasquez Andres v. Keyser, 777 F. App'x 392 (11th Cir. 2019) ..........................42

Via Mat Int'l S. Am. Ltd. v. United States, 446 F.3d 1258 (11th Cir. 2006)..........11

Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252 (1977) ...41

Village of Willowbrook v. Olech, 528 U.S. 562 (2000)...........................................42

Waldman v. Conway, 871 F.3d 1283 (11th Cir. 2017) ......................................11, 36

Walker v. Texas Div., Sons of Confederate Veterans, Inc.,

576 U.S. 200 (2015).................................................................................................38

Warth, Warth v. Seldin, 422 U.S. 490 (1975) .........................................................34

Young Apartments, Inc. v. Town of Jupiter, 529 F.3d 1027 (11th Cir. 2008)........11

Young v. Nichols, 398 F. App'x 511 (11th Cir. 2010).............................................18

**Statutes:**

Ala. Code § 11-52-80, *et. seq.* ......................................................................... 45-47

Fed. R. Civ. P. 8(a)(2)...............................................................................................2

Fed. R. Civ. P. 12(b)(1)..........................................................................................2, 7

Fed. R. Civ. P. 12(b)(6)...............................................................2, 10, 13, 14, 36

**Other:**

<u>Ala. Op. Atty. Gen</u>. No. 89-00001, 1988 WL 1670738 (Oct. 4, 1988)...................37

## STATEMENT OF THE ISSUES

I.    Did the District Court correctly hold that James Outdoor's facial constitutional challenges were moot where the City had revised its Sign Regulations and removed the provisions challenged facially by James Outdoor?

II.    Did the District Court correctly find that James Outdoor lacked standing for the majority of its as-applied challenges, namely those provisions of the former Sign Regulations dealing with sign permit applications and permitting process, where it never submitted such an application?

III.    Should the District Court's decision to dismiss James Outdoor's as-applied challenge to the exempt signs provision in Count One and its equal protection claims in Count Three on standing grounds also be affirmed on the merits since it failed to allege plausible claims for relief?

IV.    Did the District Court correctly determine that James Outdoor failed to adequately allege those limited claims for which it had standing, namely its First Amendment challenge to the variance provisions in Count One and its Fourteenth Amendment due process claim in Count Two?

## STATEMENT OF THE CASE

### i.    *Course of Proceedings and Dispositions in the Court Below*

On August 17, 2023, Plaintiff-Appellant James Outdoor, LLC ("James Outdoor") filed a complaint in the United States District Court for the Northern District of Alabama. (Doc. 1).

The City filed a motion to dismiss the complaint and a supporting brief on November 3, 2023. (Docs. 7-8). The City sought dismissal of the complaint on shotgun pleading grounds pursuant to Fed. R. Civ. P. 8(a)(2); dismissal of James Outdoor's facial challenges to the City's former Sign Regulations and related requests for relief on mootness grounds pursuant to Fed. R. Civ. P. 12(b)(1); dismissal of James Outdoor's as-applied challenges relating to the lack of time limitations, the discretion conferred to City officials, and the exemptions in the City's former Sign Regulations for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1); dismissal of James Outdoor's remaining First Amendment claims, its Fourteenth Amendment claims, and its claims under Alabama law for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Because the City's mootness challenge was a "factual attack" on jurisdiction, the City attached the affidavit of its Planning and Inspections Director Julie Ramm to its motion to dismiss. (See Doc. 7-1).

James Outdoor filed its response to the City's motion to dismiss on December 12, 2023 (doc. 12), and the City filed a reply brief in further support of its motion to dismiss on December 15, 2023. (Doc. 15).

On May 28, 2024, the District Court issued an order and memorandum opinion on the City's motion to dismiss, granting it in part and denying in part. (Doc. 16). James Outdoor sought reconsideration of the District Court's order on June 25, 2024. (Doc. 18). The City opposed the motion for reconsideration on July 17, 2024. (Doc. 19). The District Court denied James Outdoor's motion for reconsideration on August 1, 2024. (Doc. 20). Thereafter, James Outdoor filed a notice of appeal on August 29, 2024. (Doc. 21).

## ii. *Statement of the Facts*

### a. **Allegations of the Complaint**

According to the complaint, James Outdoor sought to erect a sign near the City of Northport. (Doc. 1, ¶ 5). The complaint quickly acknowledged that the City's code does not permit billboards in most areas of the City. (Id.). Despite knowing this, James Outdoor sought to erect a billboard at 13512 Highway 43 North in the Northport area. (Id. at ¶ 6). Although James Outdoor alleged that its owner "reviewed the City of Northport's maps" to determine whether that property was in the City's limits, there are no allegations that anyone with James Outdoor personally contacted or otherwise communicated directly with any City official to assist in any

such determination. (See id. at ¶¶ 6-9). James Outdoor then alleged that it sought a permit from ALDOT to erect an outdoor advertising sign at 13512 Highway 43 North. (Id. at ¶¶ 11-14). While the complaint averred that ALDOT contacted the City regarding whether the property was located in the City limits, there are no specifics regarding *what* the City was asked by ALDOT as part of that inquiry.

The complaint alleged that as part of the installation of its outdoor advertising sign, James Outdoor sought an electrical permit from the City. (Id. at ¶¶ 17-18). Despite all its alleged activity with respect to its desired sign, this was the very first time James Outdoor bothered to contact the City directly in connection with that sign. (Compare id. at ¶¶ 5-17, with ¶ 18). James Outdoor alleged that it submitted an electrical permit application to the City. (Id. at ¶ 18). In response to this first direct inquiry from James Outdoor, the complaint alleged that the City denied its electrical permit application. (Id. at ¶ 19). According to the complaint, the site of the proposed sign (13512 Highway 45 North) was indeed in the City limits, and that the City's Sign Regulations did not allow for an outdoor advertising sign at that particular site. (Id.). James Outdoor never alleges in the complaint that it submitted a sign permit application to the City. (See generally Doc. 1).

The complaint further alleged that following the denial of its electrical permit application, James Outdoor sought a variance from application of the Sign Regulations to allow the billboard. (See id. at ¶¶ 22-40). According to the complaint,

James Outdoor also sought a special exception and administrative review, but the City "refused to allow" James Outdoor to pursue these requests. (Id. at ¶ 23).

Nevertheless, the complaint alleged that the City's Zoning Board of Adjustment ("ZBA") held two hearings on James Outdoor's request for a variance. (Doc. 1, ¶¶ 29, 40). The complaint alleges that variances for signs are governed by Section 808 – Variances and Waivers in the City's Sign Regulations. (Id. at ¶ 26). As alleged in this complaint, this section provides the standard for variances from the Sign Regulations, in that "the BZA shall only grant a variance in the case of an extreme hardship. Acts of God and economic conditions shall not be considered hardships for purposes of this section." (Id.).

James Outdoor alleged that it presented extensive argument to the ZBA on June 15, 2023, as to why it believed it should be granted a variance. (Doc. 1, ¶¶ 27-28). The ZBA tabled the matter. (Id. at ¶ 29). Before the second hearing on the request, both James Outdoor and the City submitted materials regarding the request for the ZBA's consideration. (Id. at ¶¶ 33-37). As the complaint averred, the City explained to the ZBA that James Outdoor had provided it and ALDOT with incorrect parcel information regarding the proposed sign's location. (Id. at ¶¶ 35-36).

Following presentations by both the City and James Outdoor, the ZBA voted to deny the variance request on July 20, 2023. (Id. at ¶ 40). The complaint alleged that James Outdoor appealed this decision to the Circuit Court of Tuscaloosa

County. (Id. at ¶ 41). Without waiting for the outcome of its zoning appeal, James Outdoor filed the instant lawsuit in the Northern District of Alabama on August 17, 2023. (Doc. 1).

In its complaint, James Outdoor asserted various facial and as-applied constitutional challenges in Count One pursuant to the First Amendment. (Id. at ¶¶ 55-79). Despite having ***never*** applied for a sign permit itself, James Outdoor alleged that the exemptions from the permitting process included in the City's Sign Regulations, including its exemption or "preference for 'Official Signs,'" are "content-based" and "cannot be justified." (Id. at ¶¶ 63-64). In addition, James Outdoor asserted in its complaint that the Sign Regulations do not have the "necessary safeguards" in place regarding the time within which the City must respond to a sign permit application – again, an application never submitted by James Outdoor. (Id. at ¶ 67). James Outdoor further alleged that the City's Sign Regulations convey unfettered discretion upon City officials in that the "Sign Regulations lack precise and objective standards" as to what is required when submitting a permit application (despite the fact that it never went through the sign permit process itself). (Id. at ¶ 70) (see also id. at ¶¶ 43, 49 (asserting James Outdoor's facial challenge to the City's allegedly "discretionary permitting process")).

Also in Count One, James Outdoor alleged that the City's variance process

"grants unlawful discretion to the ZBA." (Id. at ¶¶ 69-74). However, **nowhere** in the complaint did James Outdoor bring **any** constitutional challenge to the provision of the City's Sign Regulations that are alleged to be the reason its electrical permit application was denied – that the City's Sign Regulations did not allow an outdoor advertising sign at that particular site in the City. (Compare id. at ¶ 19, with ¶¶ 55-79).

In addition to its First Amendment challenges, James Outdoor also asserted claims for the alleged violation of due process in violation of the Fourteenth Amendment and the Alabama Constitution in Count Two. (Doc. 1, ¶¶ 80-85). In Count Three of the complaint, James Outdoor alleges that it had been denied equal protection under the law based on the City's purported favoritism of government speech in the Sign Regulations. (Id. at ¶¶ 86-89). James Outdoor also brought a claim for the alleged violation of Ala. Code § 11-52-77 in Count Four, and it sought injunctive relief from the City's Sign Regulations in Count Five. (Id. at ¶¶ 90-94, 95-99).

As part of its motion to dismiss, the City brought a "factual attack" on the Court's jurisdiction to hear James Outdoor's facial constitutional claims and requests for injunctive relief pursuant to Rule 12(b)(1), which allowed the District Court to consider extrinsic evidence in determining the existence of subject matter jurisdiction. To that end, the City attached to its motion to dismiss the affidavit of

the City's Planning and Inspections Director Julie Ramm. As included in Ms. Ramm's affidavit, the City amended its Sign Regulations, with the new Sign Regulations becoming effective on October 25, 2023. (Doc. 7-1, ¶ 5). The amendments to the Sign Regulations included the removal of certain signs from the exemptions of the Sign Regulations, a provision directly challenged by James Outdoor. (Id. at ¶ 6). The amended Sign Regulations also imposed strict time limits for decisions and require a written explanation, materially changing the permitting requirements challenged in James Outdoor's complaint. (Id. at ¶ 8). And given the substantial efforts undertaken by the City to amend its Sign Regulations, the City had no plans to reinstate the former Sign Regulations that were in place at the time James Outdoor's electrical permit application was denied. (Id. at ¶ 10).

**b. The District Court Opinion**

In its memorandum opinion accompanying its order of dismissal, the District Court first determined that the complaint was not a shotgun pleading. (Doc. 16 at 7-8). The District Court then turned to the City's jurisdictional challenges, addressing the mootness challenge first. (Id. at 8-9). As to the City's motion to dismiss James Outdoor's request for injunctive relief, the District Court noted that James Outdoor had conceded that its request for injunctive relief was moot, and it granted the City's motion as to that request. (Id. at 9).

The District Court then turned to the City's argument that James Outdoor's facial challenges to its former Sign Regulations were moot. (Id. at 9-12). The District Court noted the general rule that "a challenge to the constitutionality of a statute is mooted by repeal of the statute." (Id. at 9) (citing Nat'l Advert. Co. v. City of Miami, 402 F.3d 1329, 1132 (11th Cir. 2005)). The District Court also cited DA Mortgage, Inc. v. City of Miami Beach, 486 F.3d 1254, 1259 (11th Cir. 2007), for the proposition that "[d]amages claims can save a § 1983 claim from mootness, but only where such claims allege compensatory damages or nominal damages for violations of due process." (Id. at 10). Because James Outdoor's complaint did not contain such claims in Counts One or Three, the District Court noted, the analysis then turned to whether the City established that its new Sign Regulations removed the challenged features of the prior Regulations and that the City did not intend to revert to such previous Regulations. (Id. at 10-11). The District Court found that the City had established as much, and it found that all facial challenges in Count One and Count Three were moot. (Id. at 11-12).

The District Court next turned to the question of standing. The District Court noted that James Outdoor challenged certain sign permit regulations in Count One relating to exempt signs, prohibited signs, permitted signs, the procedure for permanent signs, and the variances and waivers provision. (Doc. 16 at 14-15). However, most of these challenges in Count One dealt with sign permit applications,

which James Outdoor had never submitted. (Id. at 15). Because James Outdoor did not allege that it submitted a sign permit application or that it intended to do so, the District Court found that it lacked standing to bring as-applied challenges to those portions of the City's former Sign Regulations that apply to permits. (Id. at 15-16). Thus, the District Court dismissed all portions of Count One (except for its challenge to the variances and waivers provision) and all aspects of Count Three. (Id.).

The District Court then examined James Outdoor's remaining claims that were not moot and for which it had standing to bring. (See Doc. 16 at 16-22). As to James Outdoor's First Amendment challenge to the City's variance process, the District Court determined that James Outdoor had failed to allege constitutionally infirm discretion with respect to the level of discretion afforded to the zoning board under the Sign Regulations, granting the City's motion to dismiss that part of Count One on Rule 12(b)(6) grounds. (Id. at 18-19). The District Court also determined that James Outdoor failed to state a plausible claim for relief for procedural due process in Count Two since James Outdoor had the remedy of a mandamus petition in state court available to it. (Id. at 21-22). Following the dismissal of all claims asserted under federal law, the District Court declined to exercise supplemental jurisdiction over the remaining state law claims, dismissing those claims without prejudice. (Id. at 22-23).

### iii. *Standard of Review*

"The dismissal of a complaint for lack of subject-matter jurisdiction is subject to plenary review." Kanapuram v. Dir., US Citizenship & Immigr. Servs., 131 F.4th 1302, 1306 (11th Cir. 2025) (citing Del Valle v. Sec'y of State, 16 F.4th 832, 837 (11th Cir. 2021)). Whether a plaintiff has standing to sue or bring certain claims is a "threshold jurisdictional question" that is reviewed *de novo*. Muransky v. Godiva Chocolatier, Inc., 979 F.3d 917, 923 (11th Cir. 2020) (en banc) (citing Debernardis v. IQ Formulations, LLC, 942 F.3d 1076, 1083 (11th Cir. 2019)). Additionally, "[m]ootness is a question of law, which this court reviews *de novo*." Via Mat Int'l S. Am. Ltd. v. United States, 446 F.3d 1258, 1262 (11th Cir. 2006) (citing United States v. Logal, 106 F.3d 1547, 1551 (11th Cir. 1997), and Ala. Disabilities Advocacy Program v. J.S. Tarwater Developmental Center, 97 F.3d 492, 496 (11th Cir. 1996) (employing plenary standard of review on question of mootness)).

This Court "review[s] *de novo* an order granting a motion to dismiss with prejudice." Polelle v. Fla. Sec'y of State, 131 F.4th 1201, 1207 (11th Cir. 2025) (citing Young Apartments, Inc. v. Town of Jupiter, 529 F.3d 1027, 1037 (11th Cir. 2008)).

This Court may affirm the District Court's decision "on any ground supported by the record, regardless of whether that ground was relied upon or even considered below." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam) (citing Kernel Records Oy v. Mosley, 694 F.3d 1294, 1309 (11th Cir. 2012)).

## SUMMARY OF THE ARGUMENT

The District Court properly granted the City's motion to dismiss all federal claims from James Outdoor's complaint, and that decision is due to be affirmed.

At the outset, James Outdoor freely admits that its electrical permit for its desired outdoor advertising sign was denied "because the City's Sign Regulations did not allow for such a sign at that site in the City." (Doc. 1, ¶ 19). James Outdoor does not question the ability of the City to regulate billboards under the First Amendment. See Metromedia, Inc. v. City of San Diego, 453 U.S. 490 (1981). Instead, the focus of James Outdoor's complaint is provisions of the Sign Regulations that had not a thing to do with the denial of its electrical permit application or are facial challenges that are now plainly moot.

The District Court correctly found that James Outdoor's facial constitutional challenges were moot. The City revised its Sign Regulations and removed the provisions challenged facially by James Outdoor, meaning that any decision on the repealed law would constitute an impermissible advisory opinion. Tellingly, James Outdoor ignores the distinction between facial and as-applied constitutional challenges, under which its facial challenges to a now-repealed ordinance are clearly moot.

The District Court also correctly found that James Outdoor lacked standing for the majority of its as-applied challenges, namely those provisions of the former

Sign Regulations dealing with sign permit applications and permitting process, since it ***never applied*** for a sign permit from the City. In particular, James Outdoor cannot sustain its challenges in Count One relating to sign permit applications (such as lack of time limits for decisions, allegedly unfettered discretion in the permitting process, and exemptions from the permitting process) because those provisions were never applied to James Outdoor's activities. Even at the pleadings stage, a plaintiff must allege all the elements of standing, which James Outdoor failed to do. It never explains how it has standing to challenge provisions of the former Sign Regulations which were not the basis of the electrical permit denial. Moreover, the overbreadth doctrine cannot salvage the majority of James Outdoor's as-applied claims since it plainly lacks standing to bring them.

In addition, the District Court's decision to dismiss James Outdoor's as-applied challenge to the exempt signs provision in Count One and its equal protection claims in Count Three on standing grounds should also be affirmed on the merits. The City moved for dismissal below on the basis of Rule 12(b)(6) since these allegations of James Outdoor's complaint failed to state a claim upon which relief may be granted.

Finally, the District Court correctly determined that James Outdoor failed to adequately allege those limited claims for which it had standing. James Outdoor fails to cite to any authority directly in response to the District Court's dismissal of its

challenge to the Variances and Waivers provision in Count One on Rule 12(b)(6) grounds. Rather, the objective variance standards of Alabama law prevent such a claim from being legally plausible. Further, the District Court correctly found that James Outdoor failed to state a plausible due process claim in Count Two. As James Outdoor had the available remedy of a mandamus petition (which James Outdoor does not dispute), it cannot maintain a federal procedural due process claim. Consequently, the District Court's decision is due to be affirmed in all aspects.

**ARGUMENT**

## I. THE DISTRICT COURT CORRECTLY HELD THAT JAMES OUTDOOR'S FACIAL CONSTITUTIONAL CHALLENGES WERE MOOT

During briefing on the City's motion to dismiss, James Outdoor conceded that its request for injunctive relief as to the City's former Sign Regulations was moot. It likewise does not challenge the District Court's dismissal of that request on appeal. However, James Outdoor's broad pronouncement that the District Court erred when it dismissed its "other requests for relief as moot" (Appellant's Br., p. 19) is misleading and incorrect.

For the alleged error, James Outdoor points to the Court's citation to DA Mortgage, Inc. v. City of Miami Beach, 486 F.3d 1254, 1259 (11th Cir. 2007), for the proposition that "[d]amages claims can save a § 1983 claim from mootness, but only where such claims allege compensatory damages or nominal damages for violations of procedural due process." (Appellant's Br., p. 19) (citing Doc. 16 at 10). James Outdoor takes issue with the District Court's purported finding that since "James Outdoor did not 'claim either compensatory or monetary damages for violations of procedural due process in Count One or Count Three,' these claims were moot." (Id.). However, James Outdoor has conveniently omitted key elements of the District Court's mootness analysis in a weak attempt to manufacture error where none exists.

In response to the complaint, the City moved for dismissal of James Outdoor's **facial** constitutional claims on the grounds of mootness since the City amended its Sign Regulations, removing the provisions challenged by James Outdoor. (<u>See</u> Doc. 7 at 2; Doc. 8 at 9-16). In its response brief, James Outdoor made precisely the same argument that it does now – that its claims are not moot because it seeks damages in this case. (<u>Compare</u> Doc. 12 at 12-13, <u>with</u> Doc. 18 at 2-6). As the City pointed out on reply, and as the District Court accurately recognized in its memorandum opinion, the City's "mootness argument applie[d] only to James Outdoor's **facial** challenge to the regulations[.]" (Doc. 16 at 9) (emphasis applied).

In its memorandum opinion, the District Court correctly noted that typically, "a challenge to the constitutionality of a statute" – i.e., a facial constitutional challenge – "is mooted by repeal of the statute." (Doc. 16 at 9-10) (quoting <u>Nat'l Advert. Co. v. City of Miami</u>, 402 F.3d 1329, 1332 (11th Cir. 2005) (quotation marks omitted)). This conclusion makes sense logically, as a facial challenge necessarily involves prospective harm, in that it seeks to invalidate a law and preclude its enforcement in the future. <u>See</u> <u>United States v. Frandsen</u>, 212 F.3d 1231, 1235 (11th Cir. 2000). <u>See also</u> <u>Tanner Advert. Grp., L.L.C. v. Fayette Cnty.</u>, 451 F.3d 777, 786-87 (11th Cir. 2006) (finding facial challenges to prior sign ordinance corresponded to requests for injunctive relief). But when the challenged law has been repealed and replaced with a new law, as is the case here, a request to invalidate the

old law typically becomes moot since any decision on the repealed law "would clearly constitute an impermissible advisory opinion." Tanner, 451 F.3d at 790 (quoting Nat'l Adver. Co., 402 F.3d at 1332).

As the City pointed out below, and the District Court inherently recognized, a facial challenge is distinct from an as-applied challenge, which "focus[es] exclusively on a law's application to a particular party." McGuire v. Marshall, 50 F.4th 986, 1004 (11th Cir. 2022) (citing Seling v. Young, 531 U.S. 250, 263-65 (2001)). Only an as-applied challenge can support a claim for money damages; "facial challenges regarding prospective harm cannot give rise to the remedy of damages." DA Mortgage, 486 F.3d at 1260 (citing Tanner, 451 F.3d at 786). See also Granite State Outdoor Advert., Inc. v. City of St. Pete Beach, 322 F. Supp. 2d 1335, 1342 n.15 (M.D. Fla. 2004) (noting the distinction between mooted facial challenges and as-applied challenges seeking damages). In other words, damages claims based upon laws that are no longer in effect are *necessarily* as-applied challenges – *i.e.*, to recover those damages, the party must show that the law was unconstitutional **as applied to it**. Granite State Outdoor Advert., Inc. v. City of Clearwater, Fla., 351 F.3d 1112, 1119 (11th Cir. 2003) ("Because Granite State has requested damages, however, the changes made to the ordinance do not make this case moot. Thus, we must rule on the constitutionality of the provision under which Granite State may be entitled to damages, § 3–1806.B.1. As we have explained, this

section **was not unconstitutionally *applied to*** Granite State. Accordingly, Granite State is not entitled to damages resulting from the denial of its permits under this section.") (emphasis supplied); <u>Naturist Soc., Inc. v. Fillyaw</u>, 958 F.2d 1515, 1519 (11th Cir. 1992) ("Thus, the claim for damages saves from mootness the Society's contention that the 'old' park regulations were unconstitutional ***as applied to it***.") (emphasis supplied).

The District Court went on to explain the unique situations in which deviations from the general rule that that repeal of a particular statute moots a constitutional challenge to that statute may occur. For instance, the Court correctly quoted <u>DA Mortgage</u> for the principle that "[d]amages claims can save a § 1983 claim from mootness, but only where such claims allege compensatory damages or nominal damages for violations of procedural due process." (Doc. 16 at 10). This is an entirely correct statement of the law. As another circuit judge aptly summarized, the "Eleventh Circuit draws a distinction between claims for procedural due process, where a claim for nominal damages will save a claim from mootness, and other cases, where the case will be moot despite the presence of nominal damages." <u>Freedom from Religion Found. Inc v. New Kensington Arnold Sch. Dist.</u>, 832 F.3d 469, 488 (3d Cir. 2016) (Smith, J., concurring). Courts in the Eleventh Circuit have recognized this circuit's special distinction for such claims. <u>See, e.g.</u>, <u>Young v. Nichols</u>, 398 F. App'x 511, 514 (11th Cir. 2010) (holding that because plaintiff did

not allege a procedural due process violation, his prayer for damages did not save his First Amendment claim from mootness following revocation of challenged policy); Manning v. Harper, 460 F. App'x 872, 875 n.4 (11th Cir. 2012) (allowing due process claim to proceed and noting the distinction for such claims set out in DA Mortgage); Mgmt. Properties, LLC v. Town of Redington Shores, Fla., No. 8:20-CV-2984-VMC-AEP, 2021 WL 1530889, at *6-7 (M.D. Fla. Apr. 19, 2021) (citing DA Mortgage for "damages claims can only save a Section 1983 claim from mootness 'where such claims allege compensatory damages or nominal damages for violations of procedural due process'") (citing, in turn, Memphis Cmty. School Dist. v. Stachura, 477 U.S. 299, 310 (1986)).

In this case, the District Court accurately found that James Outdoor did "not claim either compensatory or monetary damages for violations of procedural due process in Count One or Count Three," (doc. 16 at 10), meaning that this first limitation on the general rule of mootness following amendment or repeal of the challenged law did not apply here. But this finding was not the end of the District Court's analysis. Rather, the District Court went on to examine whether the City had shown that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur" and that the revised regulations "remove[] [all] challenged features." (Id. at 10-11) (citing Nat'l Advert. Co., 402 F.3d at 1333; Del Castillo v. Sec'y, Fla. Dep't of Health, 26 F.4th 1214, 1218 n.1 (11th Cir. 2022)).

See also Troiano v. Supervisor of Elections in Palm Beach Cty., 382 F.3d 1276, 1283 (11th Cir. 2004). The District Court concluded that the City had demonstrated these elements, meaning that James Outdoor's facial challenges were moot. (Doc. 16 at 11-12). As James Outdoor did not raise any dispute with the District Court's findings in this regard in its brief, nor did it argue the issue before the District Court, it has abandoned any challenge to the District Court's finding that the City met these elements of mootness. Bryant v. Jones, 575 F.3d 1281, 1308 (11th Cir. 2009) ("[L]egal theories and arguments not raised squarely before the district court cannot be broached for the first time on appeal."); United States v. Campbell, 26 F.4th 860, 871 (11th Cir. 2022) (*en banc*) ("Typically, issues not raised in the initial brief on appeal are deemed abandoned.").

Since none of the constraints on mootness applied, the District Court went on to hold that all **facial** challenges in Count One and Count Three (except for the distinctions between governmental and private speech) were moot. (Doc. 16 at 11-12 ("The court is persuaded that all **facial** challenges in Count One are moot" and mooting "all facial challenges to the former regulations in Count One"), 12 (finding as moot "all aspects of Count Three that **facially** challenge the sign permit regulations" except for the governmental/private speech distinction)) (emphasis supplied).

Tellingly, James Outdoor's opening brief omits the critical portions of the

District Court's memorandum opinion limiting its mootness rulings to James Outdoor's facial constitutional claims. As in its response to the City's motion to dismiss, James Outdoor either misunderstands or ignores the critical distinction between facial constitutional claims, which are generally moot if the challenged law is repealed, and as-applied claims, which require the challenged law to have been applied to the plaintiff in the past prior to its repealer. Indeed, James Outdoor cites many of the very same cases in its appellate brief as it did in its response to the City's motion to dismiss, each for the broad proposition that its claims are not moot since it seeks damages in this case, but without drawing *any* distinction between facial and as-applied constitutional challenges. (Compare Doc. 12 at 12-13, with Appellant's Br., pp. 19-22) (collecting cases in which as-applied claims withstood mootness challenges but did not discuss mootness doctrine as to facial claims in light of amended or repealed sign ordinances). To be sure, the District Court went on in its opinion to analyze James Outdoor's as-applied constitutional challenges separately from its facial claims, a decision that James Outdoor does not argue was erroneous.

As such, James Outdoor's challenge to the District Court's finding that its facial challenges to the City's former Sign Regulations were moot is not well taken. It has failed to show any error on the District Court's part with respect to its mootness rulings. Accordingly, the District Court's dismissal of James Outdoor's facial constitutional challenges as moot is due to be affirmed.

## II. THE DISTRICT CORRECTLY FOUND THAT JAMES OUTDOOR LACKED STANDING FOR MOST OF ITS AS-APPLIED CHALLENGES

James Outdoor improperly invites this Court to find error in the District Court's conclusion that it lacked standing "to pursue the majority of its claims against the City's former sign ordinance because James Outdoor only 'submitted a variance application.'" (Appellant's Br., p. 23) (citing Doc. 16 at 15). As with its challenge to the District Court's mootness rulings, James Outdoor conveniently ignores significant elements that underlie the District Court's well-founded conclusions on standing.

Critical to an examination of standing is James Outdoor's own allegation as to the reason why the electrical permit for its desired billboard was denied – the City's Sign Regulations simply did not allow for a billboard at that site in the City. (Doc. 1, ¶ 19). Despite this allegation, and even though regulation of billboards is constitutionally permissible, see Metromedia, Inc. v. City of San Diego, 453 U.S. 490 (1981), James Outdoor never actually brings a constitutional challenge to this particular provision of the City's former Sign Regulations. Rather, the complaint challenged various *other* provisions of the Sign Regulations dealing with sign permit applications that never affected and were never applied to James Outdoor's activities.

**A.    James Outdoor Lacks Standing for Certain As-Applied Challenges Since Those Provisions Were Not Applied to Its Activities and Are Not Redressable**

To establish standing, an injury-in-fact is required, as is a causal connection between the injury and the alleged unlawful conduct; and, to complete the requirements for standing, one must also show that a favorable judicial decision on the challenged conduct would redress the injury. Sierra v. City of Hallandale Beach, 996 F.3d 1110, 1113 (11th Cir. 2021) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)). In an "as applied" challenge, the Court evaluates the constitutionality of a law by examining how it is applied to the particular circumstances at issue. Harris v. Mexican Specialty Foods, Inc., 564 F.3d 1301, 1308 (11th Cir. 2009). It is axiomatic that to challenge the application of a specific law, that law must actually have been applied to the plaintiff's activities. McCullen v. Coakley, 573 U.S. 464, 485 n.4 (2014) (finding the notion that "a plaintiff generally cannot prevail on an *as-applied* challenge without showing that the law has in fact been (or is sufficiently likely to be) unconstitutionally *applied* to him" was an "uncontroversial principle of constitutional adjudication") (emphasis in original). In the context of a permitting requirement, there is also no standing where the plaintiff "has suffered no injury with regard to the City's permitting and appeals process." Granite State Outdoor Advert., Inc. v. City of Clearwater, Fla., 351 F.3d 1112, 1117 (11th Cir. 2003).

As the District Court helpfully summarized in its memorandum opinion, it found that James Outdoor intended to assert claims in Count One for violation of the First Amendment based on the City's regulations for sign permit applications and variance procedures, as well as equal protection claims in Count Three for violation of the Fourteenth Amendment based also on the City's regulations for sign permit applications. (Doc. 16 at 2 (citing Doc. 1); see also doc. 16 at 14-15). Specifically, the District Court noted that James Outdoor challenged certain sign permit regulations in Count One relating to exempt signs, prohibited signs, permitted signs, the procedure for permanent signs, and the variances and waivers provision. (Doc. 16 at 14-15). These findings were based on James Outdoor's own allegations in the complaint, in which James Outdoor challenged the alleged lack of time limits for decisions on sign permit applications (doc. 1, at ¶¶ 46, 66-67), that certain categories of signs were exempt from the permitting requirement and thus need not submit a sign permit application to the City (¶¶ 52-53), that City officials allegedly possess broad discretion in determining what is required for sign permit applications (¶ 70), and that the "City's variance process grants unlawful discretion to the ZBA." (¶ 73). The District Court also noted that James Outdoor challenged the sign permit regulations' distinction between governmental and private speech in Count Three. (Doc. 6 at 15) (citing Doc. 1, ¶ 87). In other words, apart from the sole challenge contesting the City's variance procedures (for which it actually applied), *every one*

of James Outdoor's constitutional critiques of the City's former Sign Regulations in Count One involved portions of the Regulations dealing with *sign permit applications* and the permitting process following the submission of a sign permit application.

Yet as the District Court correctly noted in its opinion, James Outdoor never alleged anywhere in its complaint that it actually submitted a sign permit application. Nor did James Outdoor allege in the complaint that it utilized the City's former permitting process relating to sign permits or expressly allege that it intended to do so. (See Doc. 16 at 15). Without any allegations that James Outdoor submitted a sign permit application to the City or otherwise availed itself of the former sign permitting process, or plausible allegations that these provisions were the cause of its complained-of injury, the District Court correctly concluded that it lacked standing to challenge the former provisions of the City's sign ordinance involving regulations that applied to sign permits. See CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1276 (11th Cir. 2006) (requiring the plaintiff to show that the prior restraint on its speech *has caused actual or imminent injury,* and not simply that the plaintiff is merely "subject to the law").

Indeed, to have standing for as an-applied challenge, a plaintiff must demonstrate that the injury complained of is "fairly traceable" to the action by the government in applying a particular law to the plaintiff's activities. See, e.g., Fla.

Beach Advert., LLC v. City of Treasure Island, Fla., 511 F. Supp. 3d 1255, 1268 (M.D. Fla. 2021) (citing ATM Exp., Inc. v. City of Montgomery, 376 F. Supp. 2d 1310, 1321 (M.D. Ala. 2005)). Simply put, a plaintiff only has standing to challenge the provisions of a law which *caused* its injury. See Roma Outdoor Creations, Inc. v. City of Cumming, Ga., 599 F. Supp. 2d 1332, 1339 (N.D. Ga. 2009) (citing Granite State, 351 F.3d at 1114). "In a challenge of a prior restraint on speech the plaintiff must establish that the challenged provision pertains to its activity, and not merely that it is 'subject to the law.'" CAMP, 451 F.3d at 1276. Moreover, the plaintiff in such a case must show that the prior restraint *has caused actual or imminent injury*. Id.

While James Outdoor generically argues that it "alleged that the constitutionally infirm regulations being enforced by the City were applied to it," (Appellant's Br., p. 24), it never explains how that is so. Its brief is completely silent on *how* the lack of a time limit for decisionmaking on sign permit applications in the prior Sign Regulations and the allegedly unfettered discretion involved in sign permit applications caused it any harm. The fact is James Outdoor never alleged it ever ***submitted*** any sign permit application to the City, and therefore it could not have been harmed by rules governing such permit applications. James Outdoor does not challenge the principle that the disputed provisions of an ordinance must actually have been applied to the applicant to confer standing.

As for its challenges to the provisions of the City's former Sign Regulations exempting certain signs from the sign permit requirement, James Outdoor did not allege in its complaint, and does not argue on appeal, that it attempted to take advantage of any exemption or that anyone else did. Instead, it affirmatively recognizes that it "could not have an outdoor advertising sign because the City's Sign Regulations did not allow for such a sign *at that site* in the City." (Doc. 1, ¶ 19) (emphasis supplied). Again, without alleging that anyone else was granted a sign at that site (billboard or otherwise), or some claim that the City denied its particular sign due to its content, it lacks standing.

Instead, the portion of the former Sign Regulations that James Outdoor alleges was *actually applied* to its activities is quite narrow. Simply put, James Outdoor alleges that the reason it could not erect an outdoor advertising sign at 13512 Highway 45 North was "because the City's Sign Regulations did not allow for such a sign at that site in the City." (Doc. 1, ¶ 19). The only plausible inference from this allegation is that a City regulation barred billboards at this particular address, *not* that some exemption to the permitting requirement (of which it obviously did not take advantage and does not contend to have applied) played a role. Nor does the complaint allege that the City had any knowledge of the proposed content of James Outdoor's billboards, so as to support some contention that the City used the content of its messages as a basis for denying the sign.

Without any allegations plausibly suggesting that the challenged provisions of the former Sign Regulations relating to sign permit applications actually affected its activities, James Outdoor lacks standing to challenge the constitutionality of those provisions since they are not causally connected to its injury. See, e.g., Maverick Media Grp., Inc. v. Hillsborough Cty., Fla., 528 F.3d 817, 822 (11th Cir. 2008) ("Maverick may challenge only those provisions of the ordinance under which it suffered an injury in fact. The Magistrate determined that Maverick did not suffer injury under the permitted sign provisions of the ordinance because Maverick did not apply for such signs."); Granite State, 351 F.3d at 1117 (finding appellant lacked standing to challenge the provisions of the sign ordinance that did not cause it injury); New S. Media Grp., LLC v. City of Huntsville, Alabama, No. 5:20-CV-2050-LCB, 2021 WL 5822133, at *12 (N.D. Ala. Oct. 1, 2021) ("In billboard litigation, a plaintiff only has standing to challenge the provisions of a law which caused its injury or provisions of the law which will (or would have) imminently caused such injury."); Bill Salter Advertising, Inc. v. City of Brewton, 486 F. Supp. 2d 1314, 1336-38 (S.D. Ala. 2007) (finding there was "no point" in evaluating plaintiff's objections to certain provisions of sign code where any alleged injury to the plaintiff was not redressable); KH Outdoor, L.L.C. v. City of Vestavia Hills, Ala., No. CV 04-B-2303-S, 2008 WL 11422600, at *6 (N.D. Ala. Sept. 30, 2008) (confirming no standing for challenges to sign regulations where injury would not

be redressed by striking the challenged provisions); <u>Advantage Advert., L.L.C. v. City of Pelham</u>, 2004 WL 3362497, at *6 (N.D. Ala. Sept. 10, 2004) ("Under the authority of <u>Clearwater</u>, this court finds that ADvantage has standing in this case to challenge *only* the constitutionality of §§ 5(d) and 6 of the Sign Ordinance (as defined by § 2) because those were the only provisions of the ordinance under which Advantage's permits were denied.") (citing <u>Granite State</u>, 351 F.3d at 1115-17); *Coral Springs*, 371 F.3d at 1349 (declining to decide constitutionality of challenged portions of ordinance because declaring them unconstitutional "would not make a whit of difference to Coral Springs; it would not have a right to a sign permit whether these provisions . . . are valid or not"); <u>Harp Advertising Illinois, Inc., v. Village of Chicago Ridge, Ill.</u>, 9 F.3d 1290, 1292 (7th Cir. 1993) ("Harp suffers an injury (it can't erect the proposed billboard), but winning the case will not alter that situation.").

Despite what James Outdoor has argued, the District Court acknowledged in its memorandum opinion that Plaintiff had applied for an electrical permit from the City, and that James Outdoor alleged it was injured by the denial of its electrical permit application. (Doc. 16 at 4-5, 12-13). James Outdoor's complaint was devoid of any allegations that the allegedly constitutionally infirm regulations involving sign permit applications, the process for approval of such applications, or exemptions from the permitting requirement were pertinent to James Outdoor's

electrical permit application. In other words, the District Court understood that the basis for the denial of James Outdoor's electrical permit (its alleged injury) was not traceable to the sign permitting process or any exemptions from the permitting requirement as James Outdoor alleged. As the City pointed out in its brief in support of its motion to dismiss, from all that can be gleaned from the vague complaint, a City regulation may have barred billboards at this particular address, but that possibility is not causally connected to any of the challenges mounted by James Outdoor to the sign permitting processes or exemptions in the former sign permit regulations. (Doc. 8 at 19-20). Moreover, again, an electrical permit is not a sign permit, and James Outdoor did not apply for a sign permit. As a result, James Outdoor did not show that the specific sign permit regulations it challenged in the complaint were "applied to it." (See Doc. 16 at 16) ("James Outdoor must allege that the regulations were—or could reasonably be expected to be—'applied to it.' And James Outdoor has not carried that burden.") (citing Club Madonna, Inc. v. City of Miami Beach, 924 F.3d 1370, 1382-83 (11th Cir. 2019)).

James Outdoor also attempts to find flaws in the District Court's standing analysis where none exists by arguing that general factual allegations of injury are sufficient at the pleading stage. (Appellant's Br., pp. 24-25). Yet an allegation regarding an injury in fact is but one of the *three* mandatory elements of standing, as a plaintiff must also sufficiently allege that the injury "is fairly traceable to the

challenged conduct of the defendant" and that the injury "is likely to be redressed by a favorable judicial decision." <u>Glynn Env't Coal., Inc. v. Sea Island Acquisition, LLC</u>, 26 F.4th 1235, 1240 (11th Cir. 2022) (internal quotation marks omitted) (quoting <u>Muransky v. Godiva Chocolatier, Inc.</u>, 979 F.3d 917, 924 (11th Cir. 2020) (*en banc*) (quoting in turn <u>Spokeo, Inc. v. Robins</u>, 578 U.S. 330, 338 (2016)). Significantly, **each** element of standing is "'an indispensable part of the plaintiff's case' and 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof.'" <u>Aaron Priv. Clinic Mgmt. LLC v. Berry</u>, 912 F.3d 1330, 1336 (11th Cir. 2019) (quoting <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 561 (1992)).

Under this Circuit's precedent, a plaintiff is required to demonstrate **each** element of standing, even at the pleading stage. <u>See</u> <u>Glynn Env't Coal., Inc. v. Sea Island Acquisition, LLC</u>, 26 F.4th 1235, 1240 (11th Cir. 2022). To satisfy this burden at the motion to dismiss stage, the complaint must "clearly allege[] facts demonstrating each element" of standing. <u>Aaron Priv. Clinic Mgmt.</u>, 912 F.3d at 1336 (quoting <u>Spokeo</u>, 578 U.S. at 338); <u>Tokyo Gwinnett, LLC v. Gwinnett Cnty., Georgia</u>, 940 F.3d 1254, 1262 (11th Cir. 2019) ("But even at the pleading stage, "a plaintiff must 'clearly allege facts demonstrating each element,' and we evaluate standing on a motion to dismiss based on the facts alleged in the complaint.") (quoting <u>Aaron Priv. Clinic Mgmt.</u>, 912 F.3d at 1336). The District Court

acknowledged as much, noting that "irrespective of the procedural posture," a plaintiff such as James Outdoor must allege that the challenged regulations were applied to it to establish Article III standing. (Doc. 16 at 16). Because James Outdoor failed to plausibly allege facts supporting *each* standing element for its as-applied challenges, the District Court correctly dismissed those aspects of its claims on jurisdictional grounds.

At the very least, James Outdoor's appellate brief never develops a clear argument as to how the denial of its electrical permit application was connected to any specific provision of the City's sign permit regulations or how it could claim standing to contest sign permit regulations without seeking a sign permit. Its argument on appeal boils down to its conclusory statement that its complaint "sufficiently alleged that the City's sign regulations were applied to its application." (Appellant's Br., p. 24). Yet it never explains how this is so. Without any real elaboration as to how the District Court's standing analysis was supposedly flawed, James Outdoor has waived any opposition to challenge the District Court's dismissal of certain of its claims on standing grounds. See, e.g., Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."); Strober v. Payless Rental Car, 701 F. App'x 911, 913 (11th Cir. 2017) (holding plaintiff had abandoned certain arguments

when "she failed to elaborate on them beyond a mere mention" and waived her arguments as to her constitutional claims when "she did not make those arguments with specificity to the district court") (citing Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (failing to elaborate on an argument beyond merely mentioning it as an error abandons that argument)); United States v. Funez, 755 F. App'x 871, 875 (11th Cir. 2018) (citing Jackson v. West, 787 F.3d 1345, 1358 n.7 (11th Cir. 2015) (noting that a party waives an argument when it fails to meaningfully elaborate on it or provide any citation of authority in support of it) (citations omitted)).

**B.      James Outdoor Cannot Point to the Overbreadth Doctrine to Bypass the Standing Requirement**

James Outdoor's back-up attempt to predicate standing through what appears to be an "overbreadth" attack falls flat. (See, e.g., Doc. 1, ¶ 75; Appellant's Br., pp. 26-28). For starters, James Outdoor never explains how the question of standing for facial constitutional challenges saves its claims where such challenges have been mooted by the City's adoption of new Sign Regulations. (See Section I, *supra*). Indeed, the District Court did not even reach the question of standing as to James Outdoor's facial constitutional challenges since it dismissed them on mootness grounds. Even so, the overbreadth doctrine cannot salvage the majority of James Outdoor's as-applied claims since it plainly lacks standing to bring them.

In this Circuit, the overbreadth doctrine is "an exception only to the prudential

standing requirement that a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." CAMP, 451 F.3d at 1270 (citing Warth v. Seldin, 422 U.S. 490, 499 (1975)). This "doctrine does not, however, grant a plaintiff carte blanche to challenge an entire ordinance merely because some part of the ordinance – to which the plaintiff is not subject – might be unconstitutional." Maverick, 528 F.3d at 822. "It does not, because it may not, waive the Article III requirement that the plaintiff have suffered a real injury in fact as to a challenged provision of an ordinance." Id.; see also Granite State, 351 F.3d at 1116-17 (stating overbreadth doctrine does not vitiate requirement for injury in fact as to challenged provision).

This Court has rejected overbreadth attacks time and again, emphatically reiterating that "[t]hat overbreadth doctrine does not relieve a plaintiff of the burden to prove constitutional standing." CAMP, 451 F.3d at 1270. In fact, it took the Court barely a sentence in CAMP to note that "CAMP lacks standing to challenge provisions of the Festivals Ordinance **that do not apply to its activities**." Id. at 1264 (emphasis added), 1274 ("CAMP argues that several provisions of the Festivals Ordinance are unconstitutional, but CAMP must establish "by affidavit or other evidence," **that every challenged provision affects CAMP**.") (emphasis added) (quoting Lujan, 504 U.S. at 561); see also Sierra Club v. Morton, 405 U.S. 727, 739 (1972) ("[A] party seeking review must allege facts showing that he is himself

adversely affected"). In other words, James Outdoor must satisfy the constitutional standing prerequisites for **every** provision of the Sign Regulations that it challenges here, which it cannot do. See CAMP, 451 F.3d at 1273 (conclusively rejecting proposition "that injury under one provision is sufficient to confer standing on a plaintiff to challenge all provisions of an allegedly unconstitutional ordinance" and explaining that a plaintiff must "establish injury in fact as to **each** provision, even under the overbreadth doctrine").

But as explained above, James Outdoor lacks constitutional standing for many of its challenges since there are no allegations in the complaint suggesting that the provisions it attacks relating to sign permit applications and the permitting process correspond in any way to the denial of its electrical permit application or even the denial of a variance. Without plausible allegations to suggest that these portions of the former Sign Regulations it challenges are connected to its inability to post its own desired sign, James Outdoor also cannot assert any claims on behalf of others not before the Court on a facial challenge.

## III. THE DISTRICT COURT'S DECISION TO DISMISS JAMES OUTDOOR'S AS-APPLIED CHALLENGE TO THE EXEMPT SIGNS PROVISION IN COUNT ONE AND ITS EQUAL PROTECTION CLAIMS IN COUNT THREE ON STANDING GROUNDS MAY ALSO BE AFFIRMED ON THE MERITS

On appeal, the only contention related to the dismissal of James Outdoor's as-applied challenge to the exempt signs provision in Count One and its equal

protection claims in Count Three are in its arguments relating to the District Court's dismissal of these claims on standing grounds. (See Appellant's Br., pp. 23-26). While the District Court's memorandum opinion based its dismissal of these claim on standing grounds, (doc. 16 at 15-16), this Court "may affirm on any ground supported by the record, regardless of whether that ground was relied upon or even considered below." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam) (citing Kernel Records Oy v. Mosley, 694 F.3d 1294, 1309 (11th Cir. 2012)). Here, the City raised various alternate arguments in its motion to dismiss below that support dismissal of these particular claims, but the District Court did not reach them due to disposing of them on the basis of standing. Dismissal of these claims was also appropriate on the merits of the City's Rule 12(b)(6) arguments since the allegations of James Outdoor's complaint failed to state a claim upon which relief may be granted.

As part of its First Amendment challenges in Count One, James Outdoor challenged the provision of the former Sign Regulations containing an exemption for official signs. (See Doc. 1, ¶ 63). Of course, such an exemption would have nothing to do with James Outdoor's *own* activities, but even if it did, such exemptions are common in Alabama; they exist in recognition of the simple fact that the City lacks jurisdiction to exert its regulatory authority over sovereign governments as they engage in government functions. This is a part of the

substantive law of the State of Alabama – law that the City cannot change. See Ala. Op. Atty. Gen. No. 89-00001, 1988 WL 1670738 (Oct. 4, 1988) (holding that the State of Alabama and its constituent agencies are "exempt from the City of Huntsville's zoning regulations"); see also City of Selma v. Dallas Cty., 964 So. 2d 12, 19 (Ala. 2007) (discussing the "immunity from zoning ordinances that has long been afforded to political subdivisions in the operation of their governmental functions"); Lane v. Zoning Bd. of Adjustment of City of Talladega, 669 So. 2d 958, 959 (Ala. Civ. App. 1995) (noting "Alabama law is well settled that city zoning ordinances do not apply to the operation of a governmental function by a governing body") (citing City of Birmingham v. Scogin, 115 So. 2d 505 (Ala. 1959)). These external limits on the City's zoning authority do not render its sign code unconstitutional. Signs for Jesus v. Town of Pembroke, 977 F.3d 93, 105 (1st Cir. 2020) ("[B]ecause the exception for legally required signs only reflects the existence of external limits on the Town's power to regulate the signs displayed or required by other governments, it is neither speaker-based nor content-based.").

Moreover, this Court has recently confirmed that government speech is not subject to a First Amendment challenge, since the First Amendment works to protect *private* persons from government encroachment on speech and does not regulate the government's *own* speech. Leake v. Drinkard, 14 F.4th 1242, 1247 (11th Cir. 2021). See also Mech v. Sch. Bd. of Palm Beach Cnty., 806 F.3d 1070, 1074 (11th Cir.

2015) ("The Free Speech Clause of the First Amendment restricts government regulation of private speech; it does not regulate government speech.") (citation omitted). This Court's decisions in <u>Leake</u> and <u>Mech</u> followed precedent from the United States Supreme Court reiterating that government speech does not implicate the First Amendment's protections. <u>See, e.g.</u>, <u>Walker v. Texas Div., Sons of Confederate Veterans, Inc.</u>, 576 U.S. 200, 207 (2015) (government speech does "not normally trigger the First Amendment rules designed to protect the marketplace of ideas"). Thus, regardless of whether it had standing to bring such a claim (and the District Court correctly found it does not), James Outdoor still has no viable claims for violation of its free speech rights as a result of the City's mere recognition that it cannot regulate sovereign governments in the exercise of their duties.

The same result holds true for James Outdoor's equal protection claims. In Count Three of the complaint, James Outdoor alleged that it "and others" have been denied "equal protection under the law" in violation of the Fourteenth Amendment. (Doc. 1, ¶ 87). To the extent James Outdoor premised its equal protection claim on the very same grounds as its First Amendment claim regarding the "official sign" exemption (<u>see</u> doc. 1, ¶¶ 63, 87), it is redundant and fails for the same reasons. <u>See, e.g.</u>, <u>Don's Porta Signs, Inc. v. City of Clearwater</u>, 829 F.2d 1051, 1054 n.10 (11th Cir. 1987); <u>Adams Outdoor Advert. Ltd. P'ship v. City of Madison</u>, No. 17-CV-576-JDP, 2020 WL 1689705, at *23 (W.D. Wis. Apr. 7, 2020) (citing <u>Bogart v.</u>

Vermilion Cty., 909 F.3d 210, 215 (7th Cir. 2018) (in case involving mirror-image First Amendment and equal protection claims, "the same considerations and evidence that defeat[ed] [plaintiff's] First Amendment claim cause the same claim repackaged under the Equal Protection Clause to fail.")).

Notably, the existence of the official sign exemption in the Sign Regulations is the only alleged basis of differential treatment within Count Three, as James Outdoor does not specify any other so-called "favored speakers" who were allegedly treated better. (See Doc. 1, ¶¶ 86-89). But it was not the City that exempted official signs from Northport's regulatory authority; it was, and is, Alabama law itself. As the City has explained, it lacks **jurisdiction** to exert **any** regulatory authority over sovereign governments engaged in governmental functions. City of Selma, 964 So. 2d at 19; Lane, 669 So. 2d at 959. Through the official sign exemption, the City simply recognizes that it has no right to regulate another sovereign engaged in the performance of its public duties. City of Selma, 964 So. 2d at 19. This simply is not a constitutional problem. Signs for Jesus, 977 F.3d at 105 ("[B]ecause the exception for legally required signs only reflects the existence of external limits on the Town's power to regulate the signs displayed or required by other governments, it is neither speaker-based nor content-based."). To hold otherwise would be to place municipal governments in an untenable double-bind. James Outdoor directly proposes that all municipal governments in the State of Alabama be subjected to liability for treating

government speakers more favorably than private speakers *precisely because* State law **forbids** governments from regulating government conduct. The City is not responsible for its inability to regulate other governments due to restraints imposed upon it by state law.

Furthermore, the Equal Protection Clause imposes no requirement that the government treat its own speech the same as that of its citizens. Gundy v. City of Jacksonville, 50 F.4th 60, 75 n.6 (11th Cir. 2022) (noting holdings of various courts that government speech is not open to attack via the Free Speech Clause or Equal Protection Clause); Fields v. Speaker of Pennsylvania House of Representatives, 936 F.3d 142, 161 (3d Cir. 2019) ("[W]e join the authority holding that the Equal Protection Clause does not apply to government speech"); Bloomberg v. Blocker, 586 F. Supp. 3d 1251, 1258 (M.D. Fla. 2022) (rejecting Equal Protection Clause claim arising from differential treatment of government speech vs. private speech). To the extent that James Outdoor alleged that favoring government speech is an Equal Protection violation, the authorities directly rebuff this theory.[1]

Even if it did apply in the realm of government speech, all Equal Protection Clause claims require differential treatment of *similarly situated* parties. While the

---

[1] James Outdoor's citation to Rosenberger v. Rector & Visitors of Univ. of Virginia, 515 U.S. 819 (1995), in its complaint is inapposite. The court in Rosenberger discussed limits on governmental regulation of *private* speech or expression" under the First Amendment and the Establishment Clause. Id. at 828 (emphasis added). It did not address any Equal Protection arguments and did not involve a government's alleged favoritism toward its *own* speech or that of other governments.

"Equal Protection Clause requires government entities to treat similarly situated people alike," <u>Campbell v. Rainbow City, Ala.</u>, 434 F.3d 1306, 1313 (11th Cir. 2006), James Outdoor – a privately-held advertising business – is not *at all* "'similarly situated'" to **sovereign governments**, which the City *cannot* regulate under Alabama law. <u>Mickens v. Tenth Judicial Circuit</u>, 181 F. App'x 865, 878 (11th Cir. 2006) (quoting <u>Draper v. Reynolds</u>, 369 F.3d 1270, 1278 n.14 (11th Cir. 2014)). Furthermore, Equal Protection Clause claims require discriminatory intent. <u>Village of Arlington Heights v. Metro. Hous. Dev. Corp.</u>, 429 U.S. 252, 265 (1977) ("Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause."). James Outdoor fails to allege that the City was "motivated by a specific discriminatory intent." <u>Personnel Adm'r v. Feeney</u>, 442 U.S. 256, 272 (1979) (holding that a plaintiff must demonstrate discriminatory intent to establish a § 1983 case based upon a violation of the Equal Protection Clause); <u>Campbell</u>, 434 F.3d at 1313 (highlighting the requirement to show improper motive on behalf of the government for such a claim). Indeed, it is clear from the face of the complaint that the City denied James Outdoor's application for an electrical permit because its requested billboard was not allowed at that site, and not any desire to engage in intentional discrimination. Even in so-called "class of one" Equal Protection Clause claims, a plaintiff must show intentional discrimination plus the **absence of any rational basis** for the difference in treatment between it and others similarly

situated. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>Leib v. Hillsborough Cnty. Pub. Transp. Com'n</u>, 558 F.3d 1301, 1306 (11th Cir. 2009) (requiring plaintiff to show it has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment). Since Alabama law precludes the City from regulating sovereign governments, a "rational basis" for the City's differential treatment is wholly apparent, and James Outdoor's Equal Protection claim fails several times over.

Thus, as the above discussion shows, even if the District Court was incorrect in dismissing James Outdoor's as-applied challenge to the exempt signs provision in Count One and its equal protection claims in Count Three on standing grounds (which it did not), the decision to dismiss should still be affirmed since the dismissal was appropriate on alternative grounds. <u>See, e.g.</u>, <u>Jackson v. Bank of Am., N.A.</u>, 898 F.3d 1348, 1352 (11th Cir. 2018) ("We affirm the District Court's judgment, but we do so on an alternative ground."); <u>Myrick v. Fulton Cnty., Georgia</u>, 69 F.4th 1277, 1293, 1305 (11th Cir. 2023) (affirming dismissal of deliberate indifference claims on qualified immunity grounds even though district court based its dismissal on plaintiff's failure to show genuine issue of material fact as to elements of deliberate indifference); <u>Velasquez Andres v. Keyser</u>, 777 F. App'x 392, 395 (11th Cir. 2019) (affirming dismissal based on judicial immunity even though the district court grounded dismissal on doctrines of Rooker-Feldman and collateral estoppel, and

even though appellate court agreed those bases were incorrect). See also Aaron Priv. Clinic Mgmt. LLC v. Berry, 912 F.3d 1330, 1335 (11th Cir. 2019) (affirming dismissal of requests for declaratory and injunctive relief on mootness grounds even though the district court did not consider the issue of mootness).

## IV. THE DISTRICT COURT'S DETERMINATION THAT JAMES OUTDOOR FAILED TO ADEQUATELY ALLEGE THOSE LIMITED CLAIMS FOR WHICH IT HAD STANDING WAS CORRECT

As explained above, the District Court correctly found that James Outdoor's facial challenges to the former Sign Regulations were moot and that it lacked standing for the majority of its challenges to the City's application of the former Sign Regulations to its activities. The District Court then examined whether James Outdoor's challenge to the Variances and Waivers provision in Count One and its procedural due process claim in Count Two adequately stated claims for relief. (Doc. 16 at 16-22). The District Court's determination that James Outdoor failed to adequately allege these claims is due to be affirmed.

### A. The District Court Properly Determined that James Outdoor Cannot Sustain Any Constitutional Challenges Based on the Variance Process

In response to the District Court's dismissal of its challenge to the Variances and Waivers provision in Count One, James Outdoor points to its allegations that the City's variance process, requiring a showing of "extreme hardship" on the applicant's part, is "wholly subjective" and thus grants unlawful discretion to the

ZBA. (Appellant's Br., pp. 29-30) (citing Doc. 1, ¶¶ 73-74). However, James Outdoor fails to cite a single case for the proposition that such allegations are sufficient to state a valid First Amendment claim, particularly in light of the standard for variances under Alabama law.[2] Consequently, Plaintiff has waived any challenge to the District Court's dismissal of its as-applied challenge to the City's Variances and Waivers provision. <u>See</u> <u>Lindbloom v. Manatee Cnty.</u>, 808 F. App'x 745, 749 (11th Cir. 2020) ("Generally, issues raised in a conclusory manner, without citation to authorities and the record, are deemed waived.").

Moreover, the District Court correctly determined that James Outdoor failed to state a claim in Count One based on the City's Variances and Waivers provision. While James Outdoor relies on its conclusory allegation that the City's variance process grants unlawful discretion to the ZBA, (Appellant's Br., p. 29) (citing Doc. 1, ¶¶ 73-74), nothing could be further from the truth. For starters, the terms of the City's ordinance pertaining to the granting of variances *are* mandatory, as a variance may be granted *only* "in the case of an extreme hardship." (Doc. 1, ¶ 26). Beyond

---

[2] While James Outdoor includes various out-of-circuit decisions relating to *standing* to challenge the standards for a variance, these cases do not help James Outdoor's appeal. (<u>See</u> Appellant's Br., pp. 29-30). First, the District Court found that James Outdoor *did* have standing to bring its as-applied challenge to the City's Variances and Waivers provision, meaning that standing for this particular challenge is not at issue. Second, none of the decisions cited by James Outdoor addressed the standard for a variance under Alabama law or what this Circuit considers to be unconstitutionally infirm discretion to sustain a First Amendment, which was the crux of the City's motion to dismiss and the District Court's memorandum opinion. Its citation to cases arising in Michigan and Indiana does not contradict the City's argument that in *Alabama*, state law robustly defines the parameters for granting a variance that boards of adjustment in this state are bound to apply.

this standard, the ZBA is also bound by the state's statutory zoning enabling legislation, since in Alabama, boards of zoning adjustment are creatures of state, not municipal, law.[3] See Ala. Code § 11-52-80 (providing for such boards and their composition, jurisdiction, powers, etc.). The powers of boards of zoning adjustment derive their power directly from state law, and that municipalities cannot expand or reduce the authority of these boards. Swann v. Bd. of Zoning Adjustment of Jefferson Cty., Ala., 459 So. 2d 896, 899 (Ala. Civ. App. 1984) ("The power and the authority of the board of zoning adjustment (to determine that the facts are such as was intended by the legislature to entitle a property owner to a variance from the terms of a zoning ordinance) is not a delegation of legislative authority; the board of zoning adjustment sits as an administrative body performing a quasi-judicial function. Since the board derives its powers directly from the state legislature, such powers cannot be circumscribed, altered, or extended by the municipal governing body."); see also Greater Washington Park Neighborhood Ass'n v. Bd. of Adjustment of City of Montgomery, 24 So. 3d 443, 446 (Ala. Civ. App. 2009) ("The Board is limited to the authority established in § 11-52-80(d), Ala. Code (1975).").

Not only that, but the state court system has an expansive body of case law

---

[3] Alabama law on zoning variance procedures has not changed materially since 1935, when the Alabama Legislature adopted the Standard State Zoning Enabling Act, which was "used as a model for zoning legislation in the majority of the states, as well as in Alabama." Ex parte City of Huntsville, 684 So. 2d 123, 125 (Ala. 1996); see also Chapman v. City of Troy, 4 So. 2d 1, 2-3 (1941) (discussing what the court calls the Zoning Act of 1935).

interpreting and delimiting the power and authority of boards of adjustment, which the boards, sitting as "quasi-judicial bodies," must apply. This case law includes specific formulas and tests for when variances **must** be granted, and when they **cannot** be. The Alabama courts have held that "[v]ariances were allowed ***by the legislature*** 'to permit amelioration of the strict letter of the law in individual cases.'" Ex parte Chapman, 485 So. 2d 1161, 1162 (Ala. 1986) (emphasis supplied). State statutory and common law imposes a burden on an applicant for a variance from a municipal zoning ordinance to show that a literal application of the zoning ordinance would result in an unnecessary hardship to the property. Ala. Code § 11-52-80(d)(3). "Moreover, under controlling *state law*, the reasons for granting a variance must be 'substantial, serious, and compelling.'" Chapman, 485 So. 2d at 1163. For example, subjective claims of perceived hardship of a financial or personal nature are legally insufficient to prove "unnecessary hardship." Priest v. Griffin, 222 So. 2d 353 (Ala. 1969). State court decisions require that "[a]n 'unnecessary hardship' sufficient to support a variance exists where a zoning ordinance, when applied to the property in the setting of its environment, is 'so unreasonable as to constitute an arbitrary and capricious interference with the basic right of private property." Bd. of Zoning Adjustment of Mobile v. Dauphin Upham Joint Venture, 688 So. 2d 823, 825 (Ala. Civ. App. 1996) (quotations omitted). So, contrary to James Outdoor's contentions, there are clear and mandatory standards for the granting or denial of a variance, and

there are prompt judicial remedies for misapplication of the governing standard by boards of adjustment. <u>Swann</u>, 459 So. 2d at 899 (describing circuit court appeal, during which the court may permit a variance same as the board of adjustment).

The bald suggestion – made without *any* citation to Alabama authority – that the City's Board can simply reject variances based on a "wholly subjective determination" flies in the face of nearly 100 years of statutory and case law. Instead, it is well established under binding *Alabama* law that cities within this State must follow Ala. Code § 11-52-80(d), and a municipality cannot employ "unfettered discretion in granting zoning amendments and variances," or "allow Board of Adjustment variances when that is to the City's advantage, and then claim[] the ordinance does not allow variances when that position is to its benefit." <u>Riverbend P'ship v. City of Mobile</u>, 457 So. 2d 371, 374 (Ala. 1984). On this issue of state law, 'federal courts must follow the decisions of the state's highest court.'" <u>LeFrere v. Baldwin Cty. Comm'n</u>, 2008 WL 5071892, at *2 (S.D. Ala. Nov. 25, 2008), aff'd sub nom. <u>LeFrere v. Quezada</u>, 588 F.3d 1317 (11th Cir. 2009).

Besides, James Outdoor cannot state a First Amendment claim based solely on its displeasure at the denial of its variance according to state-law procedure. As this Court has aptly stated, "[f]ederal courts do not sit as zoning boards of appeals." <u>Mackenzie v. City of Rockledge</u>, 920 F.2d 1554, 1558 (11th Cir. 1991). The District Court correctly recognized as much too. (Doc. 16 at 19) (citing <u>Spence v.</u>

Zimmerman, 873 F.2d 256, 262 (11th Cir. 1989) ("[F]ederal courts do not sit as zoning boards of review and should be most circumspect in determining that constitutional rights are violated in quarrels over zoning decisions.") (collecting cases)). The Seventh Circuit likewise found as much, as in the decision cited by James Outdoor it held that even the mere "possibility of a state zoning board abusing its limited discretion in ways that might offend the First Amendment is not reason enough for a federal court to step into states' and municipalities' traditional sphere of land-use regulation and facially invalidate zoning laws left and right." GEFT Outdoor, LLC v. Monroe Cnty., 62 F.4th 321, 329 (7th Cir. 2023). All told, James Outdoor does not point to any error in the District Court's conclusion that it failed to adequately allege the denial of a federal constitutional right based purely on the City's variance process.

### B. The District Court Correctly Found That James Outdoor Failed to State a Plausible Due Process Claim

Finally, the District Court correctly found that James Outdoor failed to state a plausible procedural due process claim for relief in Count Two. James Outdoor's arguments to the contrary are misplaced and do not address the fundamental basis underlying the District Court's dismissal of this count. Because alternate state procedural remedies were available to James Outdoor, the District Court found it had not validly pleaded a due process claim.

As to procedural due process, "the state [must] provide fair procedures and an

impartial decisionmaker before infringing on a person's interest in life, liberty, or property." <u>McKinney v. Pate</u>, 20 F.3d 1550, 1561 (11th Cir. 1994). A claim alleging a denial of procedural due process has three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." <u>Grayden v. Rhodes</u>, 345 F.3d 1225, 1232 (11th Cir. 2003). Even assuming that James Outdoor had a constitutionally-protected interest in having its administrative appeal or special exception request heard, James Outdoor did not plausibly allege that there has not been constitutionally-inadequate process.

As this Court has stated, "a procedural due process violation is not complete 'unless and until the State fails to provide due process.' In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." <u>McKinney</u>, 20 F.3d at 1557 (citation omitted). Here, the complaint alleged that James Outdoor was heard by the City's Zoning Board of Adjustment on two separate occasions – June 15, 2023, and July 20, 2023. (Doc. 1, ¶¶ 25, 27, 40). Further, when James Outdoor did not receive the outcome it wanted, it pursued an appeal in the Circuit Court of Tuscaloosa County pursuant to Ala. Code § 11-52-81. (<u>Id.</u> at ¶ 41). James Outdoor has thus taken advantage of an adequate state judicial remedy (*i.e.*, its statutory

appeal to state circuit court). It cannot show the absence of constitutionally-adequate process when by its own allegations, it is utilizing the procedure for a post-deprivation remedy. See also City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C., 541 U.S. 774, 782 (2004) (finding state court civil procedure sufficient to protect any constitutional interests in erroneous zoning determinations). In other words, any alleged violation of due process is not complete, and in fact has not occurred due to the state remedy James Outdoor is presently utilizing. See, e.g., Foxy Lady, Inc. v. City of Atlanta, 347 F.3d 1232, 1238 (11th Cir. 2003) (citing McKinney for the proposition that "even if a procedural deprivation exists during an administrative hearing, such a claim will not be cognizable under § 1983 if the state provides a means by which to remedy the alleged deprivation."); O'Neal Homes, Inc. v. City of Orange Beach, 333 F. App'x 428, 430 (11th Cir. 2009) (appealing under § 11-52-81 is an available state-law remedy).

But in addition to a zoning appeal, there are other state remedies available to James Outdoor, including – as the District Court correctly noted – a mandamus petition. (Doc. 16 at 22). Indeed, the District Court appropriately found in its memorandum opinion that James Outdoor had the state-law remedy of a mandamus petition available to it to challenge the City's alleged denial to hear its administrative appeal and special exception requests. (Id. at 21-22). The availability of this remedy necessarily precludes any procedural due process claim from being ripe before this

Court. See Cotton v. Jackson, 216 F.3d 1328, 1333 (11th Cir. 2000) (finding plaintiff failed to state procedural due process violation since writ of mandamus would be available under state law, which was an adequate state remedy).

James Outdoor fails to cite any affirmative authority for its conclusion that it had no state remedy for the City's alleged refusal to allow it to purse an administrative appeal and special exception (Appellant's Br., p. 32), meaning that it has waived any argument to that effect. See Hamilton, 680 F.3d at 1319; Lindbloom, 808 F. App'x at 749. Instead, it takes issue with the District Court's citation to Beaird v. City of Hokes Bluff, 595 So. 2d 903 (Ala. Civ. App. 1992), for the proposition that mandamus is an available remedy when a plaintiff complains of matters outside the scope of what the zoning board can resolve. (Doc. 16 at 22). Despite James Outdoor's contention to the contrary, the District Court's citation to Beaird was entirely appropriate. In that case, the Alabama Court of Civil Appeals determined that the plaintiff, who sought an order directing the City of Hokes Bluff to rezone certain property, was not required to exhaust administrative remedies by seeking a variance from the board of zoning adjustment prior to filing suit. Beaird, 595 So. 2d at 905. As the Court in Beaird noted, the plaintiff's request to the circuit court was "in the nature of mandamus and [was] grounded on claims of due process and equal protection[.]" Id. at 905. Thus, the plaintiff was not required to go through the zoning board and seek a variance prior to bringing what the Court of Civil Appeals found

to essentially be a mandamus petition. <u>Id.</u>

This holding of <u>Beaird</u> is germane to the availability of a state-law remedy through mandamus petition so as to preclude James Outdoor's procedural due process claim. Like the plaintiff in <u>Beaird</u>, the nature of James Outdoor's claim sounds in due process considerations. Yet *unlike* the plaintiff in <u>Beaird</u>, James Outdoor did not take advantage of a plainly available state-law remedy – a mandamus petition. With this (and other) state-law remedies available to James Outdoor, there simply has not been a completed procedural due process violation. Thus, the District Court correctly dismissed James Outdoor's procedural due process claim in Count Two with prejudice.

## **CONCLUSION**

Accordingly, for the reasons stated above, this Court should affirm the decision of the District Court dismissing the federal claims in the complaint.


s/ David J. Canupp
David J. Canupp

s/ Allison B. Chandler
Allison B. Chandler

LANIER FORD SHAVER & PAYNE P.C.
2101 West Clinton Avenue, Suite 102
P.O. Box 2087
Huntsville, AL   35804
Telephone: (256) 535-1100
Fax: (256) 533-9322
Email:   djc@lanierford.com
Email:   abc@lanierford.com

Attorneys for Appellee City of Northport, Alabama

## CERTIFICATE OF COMPLIANCE

In accordance with Rule 32(a)(7)(B), Federal Rules of Appellate Procedure, I hereby certify that this brief complies with the type-volume limitation of Rule 32(a)(7)(B). According to the word count by our word processing system, this brief has 12,800 words, which is less than the 13,000 words allowed by Rule 32(a)(7)(B)(i).

s/ David J. Canupp
David J. Canupp

## CERTIFICATE OF SERVICE

I hereby certify pursuant to Fed. R. App. P. 25(d) that, on April 14, 2025, the foregoing brief on behalf of Appellee was filed through the CM/ECF system and served electronically on all participants in this appeal.

Pursuant to 11th Cir. R. 31-3, the required paper copies will be sent to the Court upon notice from the Clerk, and one paper copy will be sent to all counsel for Appellant.

s/ David J. Canupp
David J. Canupp